UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wendell Wilkins, #304411,<br><br>                Plaintiff,<br><br>vs.<br><br><br>Shawn Harley, State Law Enforcement Division;<br>Fred Hamer, Investigator of FCI; Lavern Cohen,<br>Warden of RCI; Jon Ozmint, Director of SCDC,<br><br>                Defendants. | C/A No. 6:10-2516-MBS-KFM<br><br>**Report and Recommendation** |

Plaintiff, proceeding *pro se* and *in forma pauperis* under 28 U.S.C. § 1915, brings this case pursuant to 42 U.S.C. § 1983. As the complaint fails to state a claim under § 1983, this case should be dismissed.

## *Pro Se* and *In Forma Pauperis* Review

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Background and Discussion

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271(1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff is currently incarcerated at Lee Correctional Institution in Bennettsville, South Carolina, but sues employees of Ridgeland Correctional Institution, another institution under the auspices of the South Carolina Department of Corrections, for an incident that occurred while he was incarcerated there. Plaintiff complains of false arrest after he was tried for a murder that occurred in the Ridgeland prison in 2007. He was found not guilty at trial in August 2010. He complains that due to the charge of murder he was placed in a Special Management Unit (SMU) at various times while he was transferred to different institutions during the period prior to the trial. He alleges that he suffered mental anguish as a result of the murder charge and classification in SMU, and he seeks money damages.

Plaintiff has failed to state a claim for false arrest, as according to his own complaint the arrest was made pursuant to a warrant. Complaint at 6. *See Porterfield v. Lott*, 156 F.3d 563 (4th Circuit 1998)(there is no false arrest in violation of the Fourth Amendment if the arrest is made pursuant to a facially valid arrest warrant). As Plaintiff makes no claim that the warrant was not facially valid, he has not pled a constitutional deprivation such that he could prevail on a false arrest claim under § 1983.

Additionally, the fact that Plaintiff was housed in SMU does not state a constitutional deprivation. Prisoners have no liberty interest in a particular classification. *See Sandin v. Connor*, 515 U.S. 472 (1995) and *Slezak v. Evatt*, 21 F.3d 590 (4th Cir. 1994).

Further, the only injury Plaintiff has cited is "mental anguish, pain and suffering." Complaint at 7. He does not allege any physical injury as a result of defendants' actions. Prisoners cannot receive damages for mere mental and emotional stress without physical injury, as 42 U.S.C. § 1997e(e) limits any recovery for mental or psychological damages

3

to those cases also including physical injury resulting from the complained-of conditions of confinement.[1]

## Recommendation

The District Court should dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process for failure to state a claim on which relief may be granted. **Plaintiff's attention is directed to the important notice on the next page**.

                                                  s/Kevin F. McDonald
                                                U.S. Magistrate Judge

October 14, 2010
Greenville, South Carolina

---

[1] 42 U.S.C. § 1997e(e) states "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).