UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Wendell Wilkins, #304411, ) | |
| ) | C/A No.: 6:10-2516-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Shawn Harley, State Law Enforcement ) | |
| Division; Fred Hamer, Investigator of FCI; ) | |
| Lavern Cohen, Warden of RCI; Jon Ozmint, ) | |
| Director of SCDC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Wendell Wilkins is an inmate who is currently housed at the McCormick Correctional Institution. On September 28, 2010, Plaintiff, appearing *pro se*, filed the within action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling. On October 14, 2010, Plaintiff was granted leave to proceed *in forma pauperis*. That same day, the Magistrate Judge filed a Report and Recommendation recommending that the case be summarily dismissed. On December 3, 2010, after receiving an extension, Plaintiff filed objections to the Report and Recommendation.

**FACTS**

Plaintiff alleges that on November 20, 2007, while Plaintiff was housed at Ridgeland Correctional Institution, a murder took place in "Dorm A." Compl. at 4. Plaintiff states that the dorm was placed on lock down and that two days later, Plaintiff was questioned about the incident. *Id.* Plaintiff contends that he was subsequently placed in Special Management Unit (SMU) while he was under investigation for the murder. *Id.* at 5. When Plaintiff was asked about the murder,

Plaintiff states that he invoked his right to counsel and was taken back to his cell. *Id.* Plaintiff contends that on December 18, 2007, he was arrested for the murder based upon a warrant. *Id.* at 6. Plaintiff contends that he was found not guilty of the murder after a trial. *Id.* Plaintiff contends that the charges caused him "pain and suffering, duress and mental anguish." *Id.* Plaintiff seeks damages for "slander, lible [sic], duress, mental anguish[,] pain and suffering, false arrest, and cruel and unusual punishment." *Id.* at 7.

## **DISCUSSION**

The Magistrate Judge recommended that the case be summarily dismissed, finding that: (1) Plaintiff "failed to state a claim for false arrest," citing *Porterfield v. Lott*, 156 F.3d 563 (4th Cir. 1998)(there is no false arrest in violation of the Fourth Amendment if the arrest is made pursuant to a facially valid arrest warrant); (2) *"*the fact that Plaintiff was housed in SMU does not state a constitutional deprivation;" and (3) Plaintiff, who does not allege any physical injury, "cannot receive damages for mere mental and emotional stress," *see* 42 U.S.C. § 1997e(e).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.*

Plaintiff objects to the Magistrate Judge's determination that he failed to state a claim for false arrest because Plaintiff did not claim that the warrant was not facially valid. Plaintiff contends

that this conclusion did not afford him the liberal construction to which a *pro se* litigant is entitled. Pl. Obj. at 2. Plaintiff specifically contends that summary dismissal on this ground is inappropriate because the complaint form specifically directed Plaintiff not to make legal arguments. *Id.* at 3.

The court has a duty under 28 U.S.C. § 1915(e)(2), to review *pro se* pleadings to determine whether they are subject to summary dismissal. *See Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing) (abrogated on other grounds by *Neitzke v. Williams*, 490 U.S. 319 (1989)). In cases involving *pro se* litigants, the court reads the pleadings leniently and holds them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks omitted). However, even under this lenient standard, § 1915(e)(2) requires the court to dismiss a case that fails to state a claim upon which relief can be granted. *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.* It requires the plaintiff to articulate facts that, when accepted as true, "show" that the plaintiff has stated a claim entitling her to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 557). The court "need not accept the [plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006).

An allegation of false arrest must be based upon a claim that an arrest was not supported by probable cause. *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir.1996). If a facially

3

valid arrest warrant is obtained prior to an arrest, no false arrest can occur. *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir.1998). Contrary to Plaintiff's assertion, the reason that Plaintiff's complaint is subject to summary dismissal is not that he failed to make a legal argument, it is that Plaintiff failed to allege facts indicating that his arrest was not supported by probable cause. Affidavits supporting arrest warrants are presumptively valid. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). Plaintiff has not set forth any facts to indicate that the affidavit supporting the arrest warrant was false. As a result, Plaintiff has failed to state a claim for false arrest.

Plaintiff did not object to the remainder of the Report and Recommendation. Nevertheless, the court has conducted a *de novo* review of the remaining issues and finds no clear error on the face of the record.

## **CONCLUSION**

The court adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. Plaintiff's complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
United States District Judge

Columbia, South Carolina
February 2, 2011